**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER; EARTHWORKS' OIL AND GAS ACCOUNTABILITY PROJECT; WILDEARTH GUARDIANS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES BUREAU OF LAND MANAGEMENT, an agency in the U.S. Department of Interior; SALLY JEWELL, in her official capacity as Secretary of the Interior; JAMIE CONNELL, in her official capacity as State Director of theBureau of Land Management's Montana State Office; THERESA M. HANLEY, in her official capacity as Deputy State Director of the Bureau of Land Management's Montana State Office, <br><br> Defendants - Appellees, <br><br> AMERICAN PETROLEUM INSTITUTE; MONTANA PETROLEUM ASSOCIATION; MONTANA CHAMBER OF COMMERCE; | No. 13-35688 <br><br> D.C. No. 4:11-cv-00015-SEH <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WESTERN ENERGY ALLIANCE,

   Intervenor-Defendants - Appellees.

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted June 2, 2015
Seattle, Washington

Before: O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Appellants appeal from the district court's grant of summary judgment against them in their procedural challenge to the U.S. Bureau of Land Management's decision to sell oil and gas leases in Montana. At issue is whether the district court correctly concluded that Appellants have not shown a concrete and redressable injury sufficient to establish standing. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

To establish standing, Appellants must show that they: (1) are under actual or imminent threat of suffering a concrete and particularized injury, (2) which is fairly traceable to the challenged action, and (3) which is likely to be prevented or redressed by a favorable judicial decision. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). In their procedural challenge, once Appellants have shown actual

injury, "the causation and redressability requirements are relaxed." *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 485 (9th Cir. 2011) (internal quotation marks omitted).

I

The recreational and aesthetic interests asserted by Appellants' members[1] may establish actual injury to the extent such interests would be concretely harmed by the challenged governmental action. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181–83 (2000). In analyzing these claims of injury, the district court erred by failing to consider surface harms caused by development of the challenged leases and instead focusing only on the climate-change effects of such development. Although Appellants' claims of procedural *error* relate to the government's alleged failure to consider climate-change effects, Appellants' injuries which *resulted from* that error need not. *See Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 78–79 (1978) (rejecting need to establish "subject-matter nexus between the right asserted and the injury alleged"); *Bd. of Nat. Res. v. Brown*, 992 F.2d 937, 945 (9th Cir. 1993) (same). For standing,

---

[1] Appellants may have standing to bring suit on behalf of their members, whose interests are germane to Appellants' organizational purposes, provided that such members would otherwise have standing to sue in their own right. *Friends of the Earth*, 528 U.S. at 181.

3

it matters only whether the challenged governmental action would cause the plaintiff a concrete and redressable injury. *See Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1176–78 (9th Cir. 2000). Once such injury is established, the plaintiff may seek to invalidate the action that caused it "by identifying all grounds on which the agency may have failed to comply with its statutory mandate." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 n.5 (2006) (internal quotation marks omitted); *see also Desert Citizens*, 231 F.3d at 1177 ("If, by exchange, public lands are lost to those who use and enjoy the land, they are certainly entitled under the APA to file suit to assure that no exchange takes place unless the governing federal statutes and regulations are followed . . . .").

II

Therefore, Appellants may have standing to challenge the government's sale of oil and gas leases on the basis of any concrete injury that is caused by such sale and which would likely be remedied by the sale's invalidation. This analysis requires consideration of *which* of the numerous leases, if developed, would harm the specific areas of land enjoyed by Appellants' members. *See W. Watersheds Project*, 632 F.3d at 485 (requiring geographical nexus between plaintiffs' interests and area allegedly suffering environmental impact). Given the complexity of the factual record before us, we decline to undertake such analysis on appeal. Instead,

4

we remand to allow the district court to determine, in the first instance, which leases the Appellants have standing to challenge.  When doing so, the district court should include consideration of any actual injury stemming from surface harms fairly traceable to the challenged action.[2]

    **VACATED and REMANDED.**  Each party shall bear its own costs on appeal.

---

[2] Federal Appellees' Suggestion of Partial Mootness, filed with this court on June 6, 2014, is DENIED without prejudice to renewal in the district court.