William W. Mercer
Holland & Hart LLP
401 North 31st Street, Suite 1500
P. O. Box 639
Billings, Montana 59103-0639
E-mail: wwmercer@hollandhart.com
Telephone: (406) 896-4607
Fax: (406) 252-1669

Hadassah M. Reimer (Wyo. Bar 6-3825)
Holland & Hart LLP
25 South Willow Street, Suite 200
P.O. Box 68
Jackson, Wyoming 83001
E-mail: hmreimer@hollandhart.com
Telephone: (307) 739-9741
Fax: (307) 739-9744

Attorneys for Defendant-Intervenors
American Petroleum Institute,
Montana Petroleum Association,
Montana Chamber of Commerce,
and Western Energy Alliance

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**GREAT FALLS DIVISION**

| | | |
|---|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, EARTHWORKS' OIL AND GAS ACCOUNTABILITY PROJECT, and WILDEARTH GUARDIANS, <br><br> Plaintiffs, <br><br> vs. | ) ) ) ) ) ) ) ) ) ) | Case No. CV 11-15-GF-SEH <br><br> DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO JOINT MOTION OF PLAINTIFFS AND FEDERAL DEFENDANTS TO STAY PROCEEDINGS PENDING SETTLEMENT NEGOTIATIONS |

|  |  |
|---|---|
| **UNITED STATES BUREAU OF LAND MANAGEMENT**, an agency within the U.S. Department of Interior, **KENNETH L. SALAZAR**, in his official capacity as Secretary of the Interior, **JAMIE CONNELL**, in her official capacity as State Director of the Bureau of Land Management's Montana State Office, and **THERESA M. HANLEY**, in her official capacity as Deputy State Director of the Bureau of Land Management's Montana State Office, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|     **Federal Defendants.** | ) ) |
|     v. | ) ) |
| **American Petroleum Institute, Montana Petroleum Association, Montana Chamber of Commerce, and Western Energy Alliance,** | ) ) ) ) ) |
|     **Defendant-Intervenors.** | ) |

Defendant-Intervenors oppose the Joint Motion of Plaintiffs and Federal Defendants to Stay Proceedings Pending Settlement Negotiations. They wish to stay the case for two months for the purpose of conducting settlement negotiations. The parties may continue to do the work necessary to resolve whether Plaintiffs have standing to litigate the government's leasing decision without terminating the process contemplated by the Ninth Circuit while settlement is discussed. The

2

Defendant-Intervenors' position is informed by the significant delays in implementation of BLM's final agency action due to litigation.

History and Basis for Opposition to the Motion

In 2008, during the second phase of its leasing process, BLM held four separate lease sales and sold 61 oil and gas leases in Montana. MEIC challenged those lease sales in a lawsuit remarkably similar to this one, *MEIC v. BLM*, CV 08-178-M-DWM (D. Mont.). In March 2010, the parties settled that case in a court-approved agreement under which BLM suspended the 61 oil and gas leases pending further environmental review. *See* SER 30.

Following suspension of the leases, MEIC sent BLM a 23-page scoping letter conveying MEIC's "thoughts and expectations" regarding BLM's environmental review of both the 2008 lease sales and "future BLM lease sales in Montana, North Dakota, and South Dakota." Consistent with the settlement agreement, BLM prepared and released eight separate environmental assessments (EAs), one for each of six Montana field offices – Billings, Butte, Dillon, Lewistown, Malta and Miles City – and one each for BLM's North Dakota and South Dakota field offices. The EAs assessed both BLM's 2008 leasing decision and its decision to sell additional leases in 2010. The EAs also incorporated by reference a Climate Change Supplementary Information Report (SIR) for Montana, North Dakota and South Dakota that BLM commissioned from an outside vendor.

3

The SIR included detailed GHG emissions inventories and analysis of potential future oil and gas development.

After releasing the EAs in August 2010, BLM received dozens of public comments, including from MEIC. Following the public comment period and review of the EAs, BLM concluded that lifting the suspension on 45 of the 61 Montana leases sold in 2008 and selling new leases in Montana, North Dakota and South Dakota would have no significant impact on the human environment. Accordingly, BLM did not prepare an EIS and instead issued a sale notice, final EAs and FONSIs. On December 9, 2010, BLM held a lease sale for 222 parcels in Montana, North Dakota and South Dakota. At the sale, BLM sold 53 Montana leases.

MEIC filed a timely administrative protest of BLM's decision to execute and sell the leases, which BLM denied on December 27, 2010. MEIC filed this action on February 7, 2011, challenging only BLM's decision with respect to the Montana leases. Five years later, we have not reached the merits at issue in the litigation. Further delay in reaching the merits is unwarranted. We should work to resolve the standing issues, as outlined in Defendant-Intervenors filing on January 15, 2016. If Plaintiffs are able to establish standing, the parties should then revise the merits briefing filed in conjunction with the cross-motions for summary judgment to conform with the order by the Ninth Circuit.

Dated this 27th day of January, 2016.

/s/ William W. Mercer
William W. Mercer

Attorney for Defendant-Intervenors
American Petroleum Institute,
Montana Petroleum Association,
Montana Chamber of Commerce,
and Western Energy Alliance

8403136_1