William W. Mercer
Holland & Hart LLP
401 North 31st Street, Suite 1500
P. O. Box 639
Billings, Montana 59103-0639
E-mail: wwmercer@hollandhart.com
Telephone: (406) 896-4607
Fax: (406) 252-1669

Hadassah M. Reimer (Wyo. Bar 6-3825)
Holland & Hart LLP
25 South Willow Street, Suite 200
P.O. Box 68
Jackson, Wyoming 83001
E-mail: hmreimer@hollandhart.com
Telephone: (307) 739-9741
Fax: (307) 739-9744

Attorneys for Defendant-Intervenors
American Petroleum Institute,
Montana Petroleum Association,
Montana Chamber of Commerce,
and Western Energy Alliance

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MONTANA ENVIRONMENTAL INFORMATION CENTER, EARTHWORKS' OIL AND GAS ACCOUNTABILITY PROJECT, and WILDEARTH GUARDIANS,<br><br>Plaintiffs,<br><br>vs. | Case No. CV 11-15-GF-SEH<br><br>DEFENDANT-INTERVENORS' RESPONSE TO JOINT MOTION TO DISMISS PURSUANT TO STIPULATED AGREEMENT |

|  |  |
|---|---|
| UNITED STATES BUREAU OF LAND MANAGEMENT, an agency within the U.S. Department of Interior, KENNETH L. SALAZAR, in his official capacity as Secretary of the Interior, JAMIE CONNELL, in her official capacity as State Director of the Bureau of Land Management's Montana State Office, and THERESA M. HANLEY, in her official capacity as Deputy State Director of the Bureau of Land Management's Montana State Office, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Federal Defendants. | ) ) |
| v. | ) ) |
| American Petroleum Institute, Montana Petroleum Association, Montana Chamber of Commerce, and Western Energy Alliance, | ) ) ) ) ) ) |
| Defendant-Intervenors. | ) |

Pursuant to the Court's Order (Dkt. No. 112), the Defendant-Intervenors American Petroleum Institute, Montana Petroleum Association, Montana Chamber of Commerce, and Western Energy Alliance (the "Defendant-Intervenors") file this response to the Plaintiffs' and the Federal Defendants' Joint Motion to Dismiss Pursuant to the Stipulated Agreement (the "Agreement"), which was submitted on June 17, 2016. (Dkt. No. 113).

2

The Defendant-Intervenors do not object to dismissal of this case based on the terms of the Agreement. However, Defendant-Intervenors file this response for the limited purpose of stating their position that: (1) settlement of this case was neither necessary nor appropriate where BLM was likely to prevail on the merits of Plaintiffs' National Environmental Policy Act ("NEPA") claims; and (2) the Plaintiffs are not entitled to fees and costs under the Equal Access to Justice Act ("EAJA").

## ARGUMENT

The Ninth Circuit has held that parties opposing a settlement have a right to "have [their] objections heard . . . on whether to approve" a settlement. *S. Cal. Edison Co. v. Lynch,* 307 F.3d 794, 807 (9th Cir. 2002) (citing *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland*, 478 U.S. 501 (1986)). This Court acknowledged as much in its Order providing the Defendant-Intervenors with an opportunity to file a brief in opposition to the Plaintiffs' and Federal Defendants' proposed settlement (Dkt. No. 112). Though the Defendant-Intervenors do not oppose the resolution of this case pursuant to the proposed Agreement, they disagree that settlement was necessary and that Plaintiffs may be entitled to attorneys' fees and costs as result of the settlement.

### A. Settlement through a Stipulated Agreement was not necessary or appropriate.

The Defendant-Intervenors maintain that the Federal Defendants fully complied with all applicable law, including NEPA and its regulations and policies, in issuing the challenged leases. Had this case been considered on its merits, the Federal Defendants would have succeeded given their thorough review of climate change impacts appropriate for the leasing stage. Thus, it was not necessary for the Federal Defendants to settle this case or provide any concession, no matter how benign, to the Plaintiffs.

### B. The Plaintiffs are not "prevailing parties" as required under the EAJA and are therefore not entitled to fees or costs.

The Plaintiffs reserve the right under the Agreement to seek fees and costs under the EAJA, and the Federal Defendants reserve the right to oppose any fee request. However, the Plaintiffs are not entitled to EAJA fees or costs in this case because Plaintiffs are not the "prevailing parties."

The EAJA allows a "prevailing party" to recover litigation costs and fees in an action brought against the federal government under certain circumstances. 28 U.S.C. § 2412. A "prevailing party" is a party that has "achieved a material alteration in the legal relationship of the parties that is judicially sanctioned." *E.g. Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (internal quotations omitted) (citing *Buckhannon Bd. and*

*Care Home, Inc. v. W. Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 598 (2001)). The "material alteration . . . must be relief that the would-be prevailing party sought, for respect for ordinary language requires that plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* at 1030 (internal quotations omitted) (citing *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).

Here, the Plaintiffs cannot be considered "prevailing parties." There has been no material alteration in the relative position of the parties and the Plaintiffs have not received the relief sought in their Complaint for Declaratory and Injunctive Relief ("Complaint") (Dkt. No. 1). Most significantly, the Plaintiffs asked this Court to declare the Federal Defendant's decision to issue the leases to be in violation of NEPA, to set the decision aside, and to void or suspend and enjoin the challenged oil and gas leases. The Agreement does not grant the Plaintiffs any of this requested relief.

Instead, the Agreement only includes two stipulations: (1) that until the end of 2018, the Federal Defendants will notify Plaintiffs when an application for a permit to drill ("APD") on an identified lease is submitted and provide an opportunity for public comment; and (2) that the Federal Defendants will "consider" conditions of approval relating to natural gas emissions when granting APDs. Agreement at 3.

5

First, the agreement to give the Plaintiffs a 30-day comment period on APDs until the end of 2018 provides no substantive guarantee that BLM's ultimate APD approval will be changed in any material or meaningful way.

Second, the Federal Defendants' agreement to "consider" including emissions controls as conditions of approval on APDs is nothing more than BLM was already obligated to do under NEPA and its own oil and gas development regulations. Indeed, in their merits briefing on the NEPA claims, the Defendant-Intervenors pointed out BLM's existing discretion to consider emissions controls at the APD stage. Brief in Support of Defendant-Intervenors' Cross-Motion for Summary Judgment at 23 (Dkt. No. 42).

In short, the Plaintiffs have not been afforded any relief on the merits of their claims and cannot be considered "prevailing parties." There has been no "material alteration" of the legal rights between the parties. Very little, if anything at all, has been given up by the Federal Defendants. Because the Plaintiffs cannot show that they are "prevailing parties" they are not entitled to EAJA fees or costs.

## CONCLUSION

The Defendant-Intervenors do not oppose dismissal of this case based on the terms of the Agreement. However, the Defendant-Intervenors do not believe settlement was necessary in this case given BLM's strong position on the merits,

and the Plaintiffs are not prevailing parties and are therefore not entitled to EAJA fees and costs based on the terms of the Agreement.

Dated this 24th day of June, 2016.

/s/ Hadassah Reimer
Hadassah Reimer

Attorney for Defendant-Intervenors
American Petroleum Institute,
Montana Petroleum Association,
Montana Chamber of Commerce,
and Western Energy Alliance

8898304_1